RAYMOND J. SMITH *v.* DREAMY HOLLOW APARTMENTS CORPORATION ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued June 4—decided June 25, 1963

*Colin Gunn* and *Alan H. Nevas,* for the appellant (plaintiff).

*Robert A. Slavitt,* for the appellees (defendants).

PER CURIAM. The facts alleged in the complaint and admitted by the demurrer, insofar as they are essential to an understanding of our decision, will be stated in simplified and abbreviated form. The

plaintiff had occupied an apartment in the named defendant's apartment house, in Norwalk, under a written lease reserving a monthly rental of $155. During his period of occupancy, he had made payments of rent aggregating $577.50. There was no suggestion that the payments were not voluntary. The defendants had failed to obtain from the building inspector of the city of Norwalk a certificate of occupancy covering the apartment house, as required by the zoning and building regulations of the city of Norwalk and by § 19-370 of the General Statutes.

In this action the plaintiff sought to recover all the payments of rent which he had made to the defendant, basing his right of action solely on §§ 19-371 and 47-24a of the General Statutes.[1] The demurrer was predicated on the ground that neither statute authorized the recovery by the tenant of rent which he had voluntarily paid to the landlord.[2] The court sustained the demurrer. On the plain-

[1] "Sec. 19-371. NO RECOVERY OF RENT DURING UNLAWFUL OCCUPATION. If any building constructed as, or altered into, a tenement house is occupied in whole or in part for human habitation in violation of the provisions of section 19-370, during such unlawful occupation no rent shall be recoverable by the owner or lessee of such premises for such period and no action or special proceedings shall be maintained therefor."

"Sec. 47-24a. NO RENT RECOVERABLE FOR PERIOD OF UNLAWFUL OCCUPATION. In any borough, city or town wherein a certificate of occupancy is required prior to human habitation of any building located therein, if any building is occupied in whole or in part without such occupancy permit, no rent shall be recoverable by the owner or lessor of the premises for such period of unlawful occupation."

[2] Actually, the demurrer referred only to §§ 19-370 and 19-371 of the General Statutes. Both parties, however, treated it as also referring to § 47-24a. We have decided to ignore the technical shortcomings of the demurrer and treat it as did the parties. *Anselmo* v. *Cox*, 135 Conn. 78, 79, 60 A.2d 767, cert. denied, 335 U.S. 859, 69 S. Ct. 132, 93 L. Ed. 405.

tiff's failure to plead over, judgment was rendered in favor of the defendants, and from that judgment this appeal was taken. The defendants claimed no distinction between the quoted statutes as applied to the facts in this case. If either statute authorizes recovery in this action, the demurrer should not have been sustained. But, since the plaintiff's cause of action as pleaded is wholly statutory, it lies only if, and to the extent that, it is fairly authorized by the statute or statutes under the terms of which it was instituted. *Dennis* v. *Shaw*, 137 Conn. 450, 452, 78 A.2d 691.

Each statute clearly precludes the recovery by the owner from the tenant of rent for any period of occupancy during which the landlord was in violation of the statutory requirements as to his possession of a proper certificate. *Second National Bank* v. *Loftus*, 121 Conn. 454, 458, 185 A. 423; see also *Webb* v. *Ambler*, 125 Conn. 543, 549, 7 A.2d 228. But neither statute contains any language purporting to authorize a cause of action by anyone. Necessarily, neither statute authorizes this action by the tenant for the recovery of rent he had voluntarily paid to the landlord, even though the rent had accrued during a period of statutory violation.

The case of *Gregory* v. *Brett*, 22 Conn. Sup. 430, 433, 174 A.2d 536, stressed by this plaintiff, involved an entirely different situation and does not support his position. But if and to the extent that the opinion in that case contains language inconsistent with our decision here, it cannot be accorded controlling force.

There is no error.