[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTION FOR RETROACTIVE ABATEMENT OF RENT
In this action plaintiff alleges that the premises leased to plaintiff by defendant were uninhabitable in violation of the landlord's responsibilities, pursuant to General Statutes Sec. 47a-7, to maintain fit, sanitary and safe premises. Plaintiff also alleges that defendant failed to obtain a certificate of apartment occupancy, as required by General Statutes Sec. 47a-5 and Sec. 47a-57. Because of these failures plaintiff claims that she is entitled, either by way of damages or retroactive abatement of rent, to the return of the amount of rent she paid during the three years CT Page 9146 preceding the filing of her complaint. Because the claim for abatement of rent is analytically distinct from the claim for damages arising out of the failure to obtain a certificate of apartment occupancy, each will be addressed separately.
The facts giving rise to plaintiff's action are not disputed. Plaintiff resides in a Section 8 apartment. Her portion of the market rent is one hundred thirty-nine dollars per month, the defendant receiving the balance of approximately five hundred dollars per month from the Department of Housing and Urban Development. See, 24 C.F.R. § 830.100 et seq. At the time plaintiff filed this action she also filed a motion pursuant to General Statutes Sec. 47a-14h
requesting permission to pay her rent into court, pending resolution of her claims that defendant failed to fulfill its obligation under General Statutes Sec. 47a-7 to maintain a fit and habitable premises. That motion having been granted, plaintiff paid four months rent into court. Thereafter the parties stipulated that those monies were to be returned to plaintiff's counsel, with the parties reserving their rights to contest the balance of plaintiff's requests for relief, specifically, plaintiff's request for damages and abatement of rent.
It is undisputed that defendant has not obtained a certificate of apartment occupancy at any point during plaintiff's eleven years tenancy. General Statutes Sec.47a-5 provides that, "rent shall not be recoverable by the owner or lessor of the premises for such period" for which the owner has not obtained a certificate of apartment occupancy." Relying on this provision plaintiff asserts that she is entitled to the return of the rent paid during the period in which the defendant did not obtain a CAO. This claim is foreclosed by the Supreme Court's decision in Conaway v. Prestia, 191 Conn. 484 (1983) and Smith v. Dreamy Hollow Apartment Corporation, 150 Conn. 702 (1963). In both cases the court refused to allow plaintiff to recover rents voluntarily paid to a landlord who had not obtained a certificate of apartment occupancy, ruling that the statute in question did not authorize a cause of action by "the tenant for the recovery of rent he had voluntarily paid to the landlord, even though the rent had accrued during a period of statutory violation." Id., at 704. Thus, while the absence of a certificate of apartment occupancy is an absolute defense to a summary process action, it does not CT Page 9147 provide an affirmative basis to recover rent. Because there are no grounds for distinguishing the present cause from Sleepy Hollow and Prestia, plaintiff is precluded from recovering back rent on the theory that Sec. 47a-5 authorizes such recovery.
Plaintiff, however, also seeks damages, in the form of retroactive abatement of rent, pursuant to General Statutes Sec. 47a-14h. Plaintiff asserts that defendant failed to maintain the premises in a fit and habitable condition as required by Sec. 47a-7, and has filed an application, pursuant to Sec. 47a-14h(e) seeking, inter alia, an order directing plaintiff to comply with is responsibilities under local law and an award of money damages which plaintiff has specified to constitute a retroactive abatement of rent for the three-year period preceding the filing of this complaint. Defendant objects to plaintiff's claim, arguing that if plaintiff is entitled to any abatement, the amount is limited to the sums actually paid into court, and that in any event the amount to be abated is only plaintiff's Section 8 portion of the rent and not the total market rent.
Defendant argues that to the extent defendant is entitled to any abatement of rent, the amount of such abatement is limited to the sum actually paid into court, which in this case is four months of plaintiff's Section 8 portion of the market rent, In support of this claim defendant relies on Smith v. Dreamy Hollow Apartments, supra. Defendant's reliance on these cases is misplaced, however. As previously noted, both of these decision held that a tenant who voluntarily paid rent to a landlord who did not obtain a certificate of apartment of occupancy is not entitled to recover that rent pursuant to Sec. 47a-5. In this case, plaintiff seeks a retroactive abatement of rent, pursuant to Sec. 47a-14h(3), not because the plaintiff failed to obtain a CAO, but because plaintiff failed to comply with its obligations as defined by Sec. 47a-7. Thus the question is whether Sec. 47a-14h(e)(4), which authorizes the court to order "interim or final relief including, but not limited to . . . an award of money damages, which may include retroactive abatement of rent," should be construed, as defendant argues, to limit the abatement to the amount actually paid into court as opposed to amounts previously paid directly to the landlord.
CT Page 9148 "If a statute is clear and unambiguous, there is no room for statutory construction. When the language of a statute is reasonably subject to diverse interpretations, however, we look to the statute's legislative history and the policy it was designed to implement to `ascertain and give effect to the apparent intent of the legislature'" Mercado v. Commissioner of Income Maintenance, 222 Conn. 69 (1992); State v. Cain, 223 Conn. 731 (1992). On the face of it the plain language of 47a-14(h)(2) is clear and unambiguous. It allows the court to order the "retroactive abatement of rent." Retroactive is defined as "influencing or applying to a period prior to enactment, e.g., retroactive pay increase." To abate is "to reduce from an amount; subtract." American Heritage Dictionary, 2d Edition. Retroactive abatement of rent, therefore, is the reduction of prior rent, i.e., rent paid prior to the initiation of the complaint. This construction is consistent with the other provisions of47a-14h and allows those provisions to be read in harmony with each other. Id. Specifically, section (h) provided that "on each rent date on or after the date when the complaint is filed with the clerk of the court, the tenant shall deposit with the clerk of the court, the tenant shall deposit with the clerk of the court an amount equal to the last agreed upon rent." By its very terms, this indicates that the amount paid into court is rent presently due and owing. Pursuant to subsection (i) the court may thereafter enter "judgment with respect . . . of any money held by the clerk." Thus it is clear that these provisions authorize the clerk to receive and distribute monies paid into court for rent that is presently due and owing. Therefore, to hold, as defendant urges, that the authority given to the court by subsection (e) to retroactively abate rent, applies only to those monies paid into court for present rent, would be to render meaningless the provisions of subsection (e). Since the legislature is deemed to have an independent purpose for each provision of a statute, and since it is the court's obligation to construe the statute in a manner that upholds the legislature's purpose and harmonizes the different provisions, the court declines to hold that "retroactive abatement of rent" as used in subsection (e) applies only to present rent. Any other conclusion would eviscerate the plain meaning of the phrase "retroactive abatement of rent." Therefore the court concludes that the plaintiff is not barred from seeking recovery of rent previously paid to the defendant. CT Page 9149
The remaining issue is whether the Section 8 plaintiff is limited to seeking recovery of her portion of the rent or whether she may recover the total rent paid to defendant. Subsection (h) provides that "if all or a portion of the tenant's rent is being paid to the landlord by a housing authority, municipality, state agency or similar entity," the amount that must be paid into court is the tenant's share only. This strongly suggests that only those monies actually paid by the tenant may be abated. To hold otherwise would be to allow a tenant to receive an undeserved windfall if she could recover amounts far in excess of what she actually paid to the landlord. Should plaintiff sustain her burden of proving she is entitled to a retroactive rent abatement, the amount to be abated will be limited to those monies actually paid by her to the defendant.
SO ORDERED.
Holzberg, J.