[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 9890
The plaintiffs are former tenants of the defendant landlord and bring this action for the return of their security deposit and other damages. The case was originally filed in small claims court, but was transferred by the defendant to the regular docket.
The plaintiffs paid a security deposit of $1,175.00, which was not returned to them after they vacated their apartment in the defendant's building. The defendant retained the security deposit because of its claim that the plaintiff breached their lease by moving out three months before the lease expired. The plaintiffs are entitled to judgment for $1,175.00, the amount of the security deposit, plus interest of $97.67 on the First Count of the Complaint. The Court cannot award double damages as claimed by the plaintiffs because they failed to prove that they notified the landlord in writing of their forwarding address, a necessary prerequisite under the statute to an award doubling the deposit. Connecticut General Statutes 47a-21 (d)(2).
The landlord, who filed a counterclaim for the three months of rent remaining under the plaintiffs' unexpired lease, is not entitled to the security deposit or to judgment on the counterclaim. Connecticut General Statutes 47a-11a requires a landlord to make reasonable efforts to re-rent the apartment if the tenant abandons it, as happened here. If the landlord fails to do so, the lease is deemed to be terminated by the landlord. The defendant offered no evidence at trial of any effort to re-rent the plaintiffs' apartment and the lease is therefore deemed abandoned as of December 31, 1990, when the plaintiffs vacated. Judgment is entered for the plaintiffs on the counterclaim.
The plaintiffs' remaining claims arise out of the landlord's failure to obtain a certificate of occupancy for the plaintiffs' apartment until several months after the plaintiffs moved in. The plaintiffs took possession of Apartment F-17 early in May 1990. A certificate of occupancy was not issued until September 28, 1990. Apartment F-17 was located in a newly renovated CT Page 9891 building. The city of West Haven did not issue certificates of occupancy until September because of work which had to be done in the common areas of the building and in other apartments. F-17, however, was located on the first floor of the building and had direct access to the outside without the need to use any common areas. Apartment F-17 was in compliance with all applicable building and fire codes as of May 1990.
In the Second Count of their complaint, the plaintiffs seek return of the rent paid from May through September based on Connecticut General Statutes 47a-5 and 47a-7. The plaintiffs cannot recover under 47a-7 because they failed to establish that the landlord violated any of its obligations under that statute. Section 47a-5 provides that rent is not recoverable by the landlord if the city requires a certificate of occupancy and the apartment is occupied without the certificate. In Smith v. Dreamy Hollow Apartments Corporation, 150 Conn. 702, 704 (1963), the Supreme Court held that the predecessor to Connecticut General Statutes 47a-5 did not authorize suit by the tenant to recover rent voluntarily paid to the landlord at a time when there was no certificate of occupancy. The plaintiffs claim that their rental payments were not voluntary because the defendant's leasing agent told them before they moved that the certificate of occupancy had been issued, which was false. However, the defendants learned in December that the certificate of occupancy had not issued until September. In December they made no claim for a refund of their rent paid from May to September. The plaintiffs filed suit in January, 1991 only for the return of their security deposit. Again they made no claim for a rent refund. It was not until October, 1991, that the plaintiffs sought a return of the rent paid. On these facts the Court finds that the rent at issue was voluntarily paid.
The plaintiffs' Third Count is brought under the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes 42-110a et seq. In Conaway v. Prestia, 191 Conn. 484
(1983), the Supreme Court held that CUTPA can provide a private cause of action to recover damages based on violations of Connecticut General Statutes 47a-57 and 47a-5. Although Conaway is distinguishable from the present case by the fact that the apartment buildings at issue there contained numerous and severe housing and health code violations, the Court's ruling on damages is applicable here also. The Court held that the plaintiffs must prove their damages by showing "the diminution of the rental value occasioned by the defendants' wrongful conduct." Id. at CT Page 9892 495. The plaintiffs here have failed to establish any such damages. No evidence of rental value was offered. The plaintiffs argued in their post-trial memorandum that the fair market value of Apartment F-17 was zero, but this was not substantiated by any evidence at trial. The Court questions whether the fair rental value could possibly be zero where the apartment was newly renovated and in compliance with applicable codes. Assuming that the facts of the present case established a CUTPA violation, judgment could not be entered for the plaintiffs because of their failure to prove damages.
The Fourth Count of the plaintiffs' complaint alleges misrepresentation based on the defendant's agent's representation that a certificate of occupancy had been issued in May, 1990. Assuming that the facts satisfy all the elements of a cause of action for misrepresentation, the plaintiffs have again failed to satisfactorily establish their damages. The damages would be the diminution in rental value caused by the misrepresentation, but this was not established at trial.
The final claim made in this action is a claim by the defendant for its attorneys' fees in defending the CUTPA claim. This claim is easily disposed of. The claim was not raised in the defendant's counterclaim nor has the defendant provided any basis in law for such an award. The claim is denied.
Judgment is entered for the plaintiffs on the First Count for $1,175.00 damages plus interest of $97.67 and costs. In addition the plaintiffs are entitled to an award of attorneys' fees pursuant to Connecticut General Statutes 52-251a. The plaintiff is directed to file an affidavit of attorneys' fees within ten days so the Court can tax attorneys' fees. The defendant may object or respond in writing within ten days after the filing of the attorneys' fees affidavit. Judgment is entered for the defendant on all remaining counts of the complaint. Judgment is entered for the plaintiffs on the counterclaim.
Vertefeuille, J.