[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is defendants' motion to strike counts 1, 3, 4, 5, 6, 7, 8 and 9. CT Page 7251
On October 13, 1994, the plaintiffs, Robert K. Kohl and Deanna L. Kohl, filed a nine count amended complaint against the defendants, Daniel and Donna Murphy. According to the facts alleged in the complaint, in June 1990, the plaintiffs signed a rental agreement for property located at 229 Woodhouse Avenue, Wallingford, Connecticut. At that time, the parties also executed an option contract for the purchase of the property. The plaintiffs allege that they entered into the option contract in reliance on representations made to them by the defendants. The plaintiffs claim that the defendants represented that if the plaintiffs paid a price for the option and paid an amount in excess of the rent each month, the plaintiffs would be able to obtain a mortgage to purchase the property with no difficulty. The plaintiffs claim that for the period between June 17, 1990 and August 1, 1992, they paid $14,600 to the defendants pursuant to the option contract. In May 1992, the plaintiffs discovered that they were "unable" to purchase the property. Thereafter, the plaintiffs made a demand on the defendants to return the $14,600, which the defendants have refused.
Count one alleges that the defendants made oral misrepresentations to the plaintiffs. Count one is incorporated in counts 2 through 7. Count two alleges that the defendants have been unjustly enriched in the amount of $14,600. Count three alleges that the defendants violated General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA). Count four alleges that a fair interpretation of the option contract is that the $14,600 is a down payment on the purchase of the property and is due as a refund to the plaintiffs. Count five alleges that the defendants intentionally or unintentionally misled the plaintiffs into believing the $14,600 was a down payment and would be refunded if the plaintiffs did not purchase the house. Count six alleges that the parties made a "mutual mistake" which entitles the plaintiffs to a refund of all sums paid toward a down payment. Specifically, the plaintiffs claim that their inability to purchase the property was due to a decline in real estate values, which if not expected by each party to the contract, is a mutual mistake. Count seven alleges that the defendants violated General Statutes § 42-110 et seq. by refusing to lower the purchase price of the property so the plaintiffs could obtain a mortgage. Count eight alleges that the defendants violated the Wallingford Housing Code by failing to procure a certificate of occupancy. The plaintiffs claim that this failure entitles the plaintiffs to a refund of all rent paid by them during the rental period. Count nine alleges that the actions of the defendant in renting the premises in CT Page 7252 violation of the municipal housing code constituted an unfair trade practice under General Statutes § 42-110a et seq.
On December 8, 1994, the defendants filed a motion to strike counts one, three, five, six, seven, eight and nine of the amended complaint. On January 24, 1995, the plaintiffs filed a memorandum of law in opposition to the motion to strike. On February 3, 1995, the plaintiffs filed a reply memorandum.
In ruling on a motion to strike, the court is limited to facts alleged in the complaint and the grounds specified in the motion.Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210. The court will construe the "plaintiff's complaint in the manner most favorable to sustaining its legal sufficiency. . . ." Bouchardv. People's Bank, 219 Conn. 465.
The defendants move to strike count one on the ground that it does not sufficiently allege a cause of action for fraud. The defendants assert that the alleged representations made by the defendants, regarding the ability of the plaintiffs to obtain a mortgage, were statements of a future condition, and not statements of fact. The defendants assert further that count one does not allege that the defendants knew the representations were false. The defendants maintain that the allegation that the defendants were "reckless and indifferent" as to the truth of the statements undercuts any allegation that the defendants knowingly made false statements. The plaintiffs assert that they have alleged a prima facie cause of action for fraud.
The essential elements of a cause of action in fraud are "(1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment."Mitchell v. Mitchell, 31 Conn. App. 331, 336; Billington v.Billington, 220 Conn. 212, 217. An actionable fraudulent misrepresentation must consist of a statement of fact. Crowther v.Guidone, 183 Conn. 464, 467. "The general rule is that a misrepresentation must relate to an existing or past fact. . . ."
In count one, the plaintiffs allege that the defendants represented that if the plaintiffs paid a price for the option and overpaid on their monthly rent, "the net result would be the obtaining by the plaintiffs of a mortgage to purchase the defendants' property with no difficulty." (Amended complaint, CT Page 7253 count one, para. 1). The plaintiffs allege that the defendants "knew or should have known that the representations they made to the plaintiffs were speculative at best." (Amended complaint, count one, para. 3).
The plaintiffs have not alleged a cause of action in fraud. First, count one does not allege a misrepresentation of a past or existing fact. The defendants are alleged to have represented that the plaintiffs would be able to get financing at some unspecified time in the future from some unspecified source. The plaintiffs also allege that the defendants knew that their statement was "speculative." These allegations are insufficient to allege the first element of fraud. Secondly, the allegation that the defendants knew their statement was "speculative" does not sufficiently allege the second element of fraud, namely, that the statement was untrue and known to be untrue by the defendants. Defendants' motion to strike count one should be granted.
Count five incorporates the allegations of count one in their entirety and further alleges that the defendants "intentionally or unintentionally misled the Plaintiffs into believing that the $14,600 was a down payment to buy and would be refunded if the plaintiffs did not purchase the house." (Amended complaint, count five, para. 7). The defendants move to strike count five on the ground that it fails to state any legal basis of relief. The plaintiffs argue that count five properly sets forth a claim that the defendants fraudulently caused the plaintiffs to pay $14,600 as a down payment, when in fact the defendants were attempting to defraud the plaintiffs.
Count five adds nothing to count one; count five should be stricken.
The defendants move to strike counts three and seven on the ground that these counts fail to state a cause of action under CUTPA. Count three claims that the defendants' misrepresentations constitute a violation of CUTPA. Count seven claims that the defendants' refusal to lower the purchase price of the property or to return the alleged down payment is a violation of CUTPA.
The defendants assert that the allegations in the third count are outside the purview of the statute because the transactions were conducted between private individuals who were not acting as dealers or merchants. The defendants also assert that a single transaction is not sufficient to constitute a CUTPA violation. The CT Page 7254 defendants maintain that the allegation that they were "experienced in the buying, selling and financing of real estate" is too vague to compel the conclusion that the defendants were engaged in the business of selling real estate.
The plaintiffs maintain, based on the statutory definition of "person," that CUTPA was intended to apply to private trade dealings and does not require that at least one of the parties be a merchant or seller. Nonetheless, the plaintiffs contend that they have alleged that the defendants were engaged in the trade or commerce of "renting, buying, selling, and financing of real estate." (Plaintiffs' memorandum of law in opposition to motion to strike, p. 4). The plaintiffs do not address the defendants' argument that a single transaction is insufficient to establish a CUTPA violation. The plaintiffs state only that the defendants' actions "in dealing with the Plaintiffs were deceptive and unfair" and therefore are within the scope of CUTPA. (Plaintiffs' memorandum of law in opposition to motion to strike, p. 4).
General Statutes § 42-110b states that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The definition of a "person" under General Statutes § 42-110a(3) includes a "natural person." "Trade" and "commerce" are defined in relevant part as "the sale or rent or lease, the offering for sale or rent or lease, or the distribution of. . . any property," including real property. General Statutes § 42-110a(4).
In the present action, the defendants are alleged to have represented that they were "experienced in the buying, selling and financing of real estate." (Amended complaint, count one, para. 1). To properly state a cause of action alleging a CUTPA violation, the plaintiff must allege, inter alia, that the acts complained of were performed in a trade or business. Quimby v.Kimberly Clark Corp., 28 Conn. App. 660, 669, citing Web PressServices Corp. v. New London Motors, Inc., 203 Conn. 342, 354. Plaintiffs have not alleged facts sufficient to establish that the defendants were engaged in a trade or business.
Counts three and seven do not allege that the defendants committed the alleged acts in the conduct of a trade or business; therefore these counts should be stricken.
The defendants move to strike count nine on the ground that it fails to allege the required elements of a CUTPA claim. In count CT Page 7255 nine, the plaintiffs claim that the defendants' rental of the subject premises in violation of the Wallingford housing code and their refusal to return the rental payments amounts to a CUTPA violation. The plaintiffs allege that the collection of rent by the defendants was illegal because it violated a housing code provision requiring the defendants to obtain a certificate of occupancy. The plaintiffs allege that this constituted a violation of General Statutes § 47a-5.[1]
Statutory violations may give rise to a CUTPA cause of action. See., e.g. Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80,107 (holding that a violation of a state lending statute could constitute a CUTPA violation); Conaway v. Prestia, 191 Conn. 484,491 (holding that CUTPA creates a private cause of action to recover damages based on violations of sections of the landlord-tenant statutes).
In Conaway, the plaintiffs were fifty five tenants who rented apartments from the defendants. Conaway v. Prestia, supra,191 Conn. 487. They alleged that the defendants' failure to procure certificates of occupancy, as required by General Statutes §§ 47a-5
and 47a-57, constituted a violation of CUTPA. Id., 487-88. The court stated that while the collection of rent was not specifically prohibited by §§ 47a-5 and 47a-57, the defendants' actions of receiving rent "offended the public policy, as embodied by these statutes, of insuring minimum standards of housing safety and habitability." Id., 493. Thus, the court held that the actions of the defendants amounted to a violation of CUTPA. Id. It is significant that the facts in Conaway established that the defendant landlords owned four apartment buildings, each containing four units. Id., 486. Unlike the defendants in the present action, the defendants in Conaway were engaged in the trade or commerce of renting residential housing.
The facts alleged in count nine do not support a finding that the acts alleged to constitute a violation of § 47a-5 occurred in the conduct of a trade or business. The motion to strike count nine should be granted.
Count six alleges that the plaintiffs were unable to purchase the property due to declining real estate values. The plaintiffs claim that if the decline was not expected by each party there was a mutual mistake entitling the plaintiffs to a refund of all sums paid as an alleged down payment. CT Page 7256
The plaintiffs argue that they seek to rescind the contract on the basis of a mutual mistake.
Mistakes in predicting the future cannot form the basis of rescinding a contract. Woodridge v. Exxon Corp., 39 Conn. Sup. 190,192. To justify rescission of a contract the mistake must be of an existing or past fact. Id. "Future market predictions are not the sort of mutual mistake that will support the remedy of rescission." Id., 193, citing Buol Machine Co. v. Buckens,146 Conn. 639. "[C]hanges in economic conditions are always at risk in business agreements." Id. An alleged mutual mistake as to future real estate values is not sufficient to support a cause of action for rescission of the option contract.
Counts six should be stricken.
The defendants move to strike count eight on the ground that it fails to state a legally cognizable basis for recovery. In count eight the plaintiffs seek a refund of rent payments for the period in which the defendants allegedly did not have a certificate of occupancy. The plaintiffs claim to be entitled to the refund under General Statutes § 47a-5. The defendants claim that § 47a-5
does not create a private right of action. The defendants citeSmith v. Dreamy Hollow Apartments Corp., 150 Conn. 702,192 A.2d 648 (1963) for the proposition that the payments made were voluntary and therefore are not recoverable.
Section 47a-5 does not provide a tenant with an affirmative basis to recover rent voluntarily paid to a landlord. In DreamyHollow, the plaintiff sued his landlord pursuant to the predecessor statute to § 47a-5 to recover rent paid during the period in which the landlord did not have a certificate of occupancy. Id., 703. The court ruled that the statute did not authorize the action by the tenant "for the recovery of rent he had voluntarily paid to the landlord, even though the rent had accrued during a period of statutory violation." Id., 704. See also Conaway v. Prestia,
supra, 191 Conn. 495 n. 13.
The motion to strike count eight should be granted.
Defendants' motion to strike counts one, three, five, six, seven, eight and nine is granted.
Fracasse, J. CT Page 7257