[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter originated with a small claims complaint brought by the plaintiffs Gladys and Julius Fray in November 1994 to recover from the defendant Janice Correia $2,000 for unpaid rent and damages allegedly caused by the defendant during her rental of the plaintiff's apartment. The matter was transferred to the regular docket by the defendant and in due course the defendant filed her answer and counterclaim. When the matter was reached for trial the defendant while denying the claims of the plaintiff set forth a counterclaim consisting of nine counts. The First Count of the counterclaim alleged that because the plaintiffs, through the course of the tenancy which ran from July 1980 to November 1994, some 14 years, never had a certificate of occupancy as required by the City of Shelton, and it is claimed that the rental payments collected were excessive.
The Second Count claims that the plaintiffs rental without a permit was an unfair and deceptive practice contrary to the Connecticut Unfair Trade Practices Act Sec. 42-110b (a), "CUTPA".
The Third Count alleges that such rental by the plaintiffs constituted an intentional and reckless indifference to the defendant's rights to her damage.
The Fourth Count claims an illegal entry of the premises by the plaintiff Julius Fray causing emotional upset to the defendant with such entry being in violation of Sec. 47a-16
C.G.S. — when landlord may enter rental unit.
The Fifth Count claims such entry constituted a violation of CUTPA.
The Sixth count additionally claims such action to be a violation of the defendant's rights.
The Seventh Count claims that because the plaintiffs did not provide the defendant's apartment with a separate electric meter the plaintiffs improperly charged the defendant for which the defendant claims reimbursement and damages for such allegedly fraudulent and deceptive conduct.
The Ninth and final Count claims that such failure was an CT Page 1361 intentional and wanton violation of the defendant's rights.
The trial produced the following evidence which constitutes the findings of the court in this matter. The plaintiffs owned property located in Shelton, Connecticut which included an upstairs apartment which was rented to the defendant and a downstairs apartment occupied by the plaintiff's daughter and then their son. The defendant and her young daughter moved into the apartment in July 1981 and this tenancy continued with rental payments being made until August of 1994. At that time, the defendant said she intended to move out and buy a condominium and she was not going to pay any further rent. The plaintiffs agreed that she could remain rent-free for six weeks and it was expected that she would move out at some point during that time. At no time did the plaintiffs require a security deposit from the defendant, so the defendant's occupancy beyond the last rental payment was without recompense to the plaintiffs. It became necessary for the plaintiffs to bring a summary process action to regain possession and the defendant finally moved out in November, 1994. At the time of the last rental payment the agreed rental was $550 per month. The plaintiffs now claim 3 1/2 months rental or $1,925. When the defendant vacated, the plaintiffs discovered a bannister had been removed from the stairway, a shower head was missing as well as a kitchen light fixture. The plaintiffs submitted bills for replacement and repair of these items which were not contested as to amount but were contested as to validity. The court finds these items to be proven by the evidence and testimony. The evidence also indicated that as to electricity used by the defendant that there was an agreement throughout the 14 year tenancy that the defendant share the cost of the electricity with the downstairs tenant as there was only a single meter serving the two apartments. This was evenly shared until the defendant installed an electric dryer and an air conditioner, at which time the defendant agreed to an increase. These contributions were made without remonstrance throughout the tenancy. As to the defendant's claim of the illegal entry sometime in October of 1994 the defendant testified that Julius Fray came unannounced into her apartment, yelled at her, struck her with his cane while complaining about her failure to move out. This conduct was denied by Mr. Fray with the exception of the visit to inquire about the rent and while the Shelton police came to the premises at the defendant's request there was no further action taken as against any party. The court does not find the defendant's version credible. CT Page 1362
It is the court's determination after hearing the evidence and reviewing the briefs of the parties that judgment should and does enter in favor of the plaintiffs in the amount of $1,925 for use and occupancy for the period of September to November, and $232.52 (Plaintiff's Exh. D and E) for the damage claim relating to the bannister, shower head and light fixture. Further, judgment may enter in favor of the plaintiffs on the defendant's counterclaim.
As the court has noted, this tenancy continued for 14 years without any problems between the parties until the defendant announced her intention to move and not pay rent and her subsequent delay in getting out. The arrangement as to the electricity was by mutual agreement as was the continued tenancy for that extended period of years. As pointed out by counsel for the plaintiff, if the tenant voluntarily paid rent there can be no claim for recovery even if there may have been statutory violations such as the lack of a permit for occupancy. See Smithv. Dreamy Hollow Apartments Corporation, 150 Conn. 702, 704.
As to the claims of the plaintiff that she is entitled to damages as allowed for violations of CUTPA, this court cannot conclude that she has established the requisite proof to entitle her to damages under this statute. This court cannot conclude from the evidence that the actions of the plaintiffs or either of them in renting without any occupancy permit, in failing to provide an individual electric meter, in going to the apartment to inquire about the defendants plans to move, were in any way immoral, unethical, oppressive or unscrupulous nor is there proof of a substantial or ascertainable injury sustained by the defendant. The court concludes that the nature of the relationship between these three individuals over such an extended period without complaint or objection belies any claim as provided for under the Connecticut Unfair Trade Practices Act Sec. 42-110a et seq. See McLaughlin Ford, Inc. v. Ford Motor Co.,192 Conn. 558, 569.
George W. Ripley, J.