12389

O'HAGAN v. FRATERNAL AID UNION *ET AL.*

SAME v. CATHOLIC KNIGHTS OF AMERICA *ET AL.*

(141 S. E., 893)

1. Constitutional Law—Court Cannot Repeal, Alter, Modify or Change Law, Even if Plainly Wrong.—Court has no right to ·repeal, alter, modify, or change the law, even when it plainly appears to be wrong.

2. Common Law—Common Law is in Force Until Repealed or Modified by Statute.—The principles of the common law are in force in South Carolina until repealed or modified by the law-making body.

3. Husband and Wife—Widow Was Not Liable at Common Law for Husband's Funeral Expenses.—Under the common law, wife was not liable for the funeral expenses of her deceased husband.

4. Husband and Wife—Widow Held Not Liable for Husband's Funeral Expenses, in Absence of Showing That She Consented To, Or Knew of, Bill Therefor.—Widow *held* not liable for expenses of her deceased husband's funeral, in absence of evidence that she consented to, or had knowledge of, bill therefor.

Before Grimball, J., Charleston, February, 1927. Reversed.

Actions, tried together, by Mary A. O'Hagan against the Fraternal Aid Union, and others and against the Catholic Knights of America and such others. From a part of the decree rendered, requiring payment of the funeral expenses of W. A. D. O'Hagan, deceased, from the proceeds of insurance policies, plaintiff appeals.

The part of the decree of Circuit Judge Grimball, relating to payment of funeral expenses, directed to be reported, is as follows:

"There is another question in these cases that has given me grave concern. It is admitted that W. A. O'Hagan died hopelessly insolvent and did not leave enough assets to pay funeral expenses and expenses of last illness. Some one had to bury the deceased. The plaintiff has claimed the proceeds of these policies as the wife or widow of the said W. A.

O'Hagan. Would it be fair and right to the undertaker, a citizen of this State, whose bill for funeral expenses of W. A. O'Hagan is admittedly not paid, that the widow be allowed to take the proceeds of these policies, remove them out of the State and leave him to "hold the bag?"

In these days of equal rights it seems to me as much of a duty and obligation on the part of the widow to meet the necessary funeral expenses of the husband, as it is on the part of the husband to meet such expenses of his wife. There is a broad question of public policy involved. Some one must bury the dead. It should not be done at public expense where it can possibly be avoided.

Surely the widow who had left her husband, but who now claim benefits by virtue of her relationship to said husband, should be required to meet such obligation, especially where she has funds derived from her husband's resources to meet same. I so hold.

I think Five Hundred Dollars is a reasonable allowance to be made out of the proceeds of these policies, to be paid to the attorney for the administrator and by said attorney to be paid to the undertaker who performed the funeral services for said W. A. O'Hagan, less a reasonable counsel fee to said attorney for his services herein."

*Mr. Lionel K. Legge,* for appellant, cites: *Policies exempt from claim of administrator:* Sec. 4099. *Wife not under liability at common law for funeral expenses of husband:* 30 C. J., 609; 13 R. C. L., 1193; 114 S. W., 260; 14 N. W., 895. *Cases distinguished:* 102 Pac., 768.

*Mr. H. L. Erckmann,* for respondent, cites: *In law case, tried without jury, all findings of fact of Circuit Judge are as conclusive and binding as the verdict of a jury:* 82 S. C., 113. *At common law husband liable for reasonable funeral expenses of wife:* 30 C. J., 106. *As to liability of wife at common law for funeral expenses of husband:* 102 Pac., 768. *Removal of disabilities of wife should render*

*wife liable: 77* S. C., 200.   *Public policy renders wife liable:*
13 C. J., 244.

March 2, 1928.

The opinion of the Court was delivered by MR. JUSTICE
BLEASE.

By consent of the parties, these two causes were heard
together, both in the lower Court and in this Court.

Mr. W. A. D. O'Hagan was a member in good standing
of the Fraternal Aid Union and the Catholic Knights of
America, two fraternal and mutual benefit organizations.
In the first-mentioned organization, he carried insurance on
his life in the sum of $1,200.00, the certificate of which
named his mother as beneficiary.   In the last-mentioned or-
ganization, he carried insurance on his life in the amount of
$1,000.00, and the certificate therefor named his father as
the beneficiary.   Under the provisions of each of these cer-
tificates, in case the named beneficiary should die before the
insured, and no new beneficiary was substituted by him, the
proceeds of the certificate, or policy, were payable upon the
death of the insured to the wife of such insured, if she
should be living at the time of his death.   The named bene-
ficiary in each of the policies died prior to the death of the
insured, who departed this life on August 7th, 1926.   The
insured did not leave sufficient estate to pay the expenses
of his last illness and funeral.   The appellant, Mary O'Ha-
gan, was the wife of the insured, but she left him some two
years prior to his death, and since then has lived in New
York City, where she now resides.

The appellant brought suits against the respondents, fra-
ternal organization and the administrator of the estate of
the insured, to recover the respective amounts of the two
benefit certificates.   The fraternal organizations admitted
their liability for the amounts of the certificates, and
promptly paid such amounts into the Court, asking the
Court to determine to whom the money should be paid.

There were two questions in the Court below: First. If the widow of the insured, the appellant here, was the sole beneficiary under the policies. Second. Could any sum due on the same be held by the administrator of the estate of the insured for his funeral expenses? The Circuit Judge held that the appellant was the sole beneficiary, but that the undertaker, who officiated at the funeral of the insured, should be paid $500.00 to cover the funeral expenses of the insured. From this last holding, the appellant has appealed to this Court. That part of the decree of the Circuit Judge which relates to the payment of the funeral expenses will be reported.

A diligent search has failed to disclose in our reports any case which bears directly or indirectly upon the question here raised. Let it be here said as a tribute to the women of South Carolina, what it appears is the truth from our decisions, that heretofore no wife in this State, who has received the benefit of life insurance money by the death of her husband, has refused to pay, when his estate was not able to pay, the expenses of a decent funeral for her spouse, even if she was separated from him at the time of his death. In recording for the future this unblemished record of South Carolina women, let it always be remembered with some pleasure that the first woman who has declined to allow any portion of insurance money coming to her by the death of her husband to be used in giving him a decent burial, has with good grace departed the limits of this State, and, to the relief of South Carolina womanhood, she is not now to be numbered as one of them.

The reasons advanced by the distinguished Circuit Judge for the holding he made are excellent arguments for some change in the existing law, which might be made by the proper tribunal. Perhaps he has rendered our people a great service by calling attention to a defect in our law. Unfortunately, as strong as it is, his reasoning is not cogent enough to sustain the position he

took *as a matter of law,* for this Court, and no other Court in this State, has the right to repeal, alter, modify, or change the law of the land, even when it plainly appears that the law in force may be wrong.

There is no statute in our State relating to the matter under consideration. Where there has been no legislative action, we must look back to the common law, for the principles of the law there stated are of force in this State, until there has been some repeal or modification thereof by the law-making body. *State v. Charleston Bridge Company,* 113 S. C., 116; 101 S. E., 657. *State v. Sellers,* 140 S. C., 66; 134 S. E., 873.

Under the common law, while the husband was liable for the funeral expenses of his wife, the wife was not liable for such expenses for her deceased husband. 13 R. C. L., 1193; 30 C. J., 609.

The respondents contend that the law implies a contract on the part of the wife to pay for the expenses of her husband's funeral, when his estate is not sufficient for that purpose, and they have cited, in support of that view, the case of *E. R. Butterworth & Sons v. Teale,* 54 Wash., 14; 102 P., 768; 18 Ann. Cas., 854. We have read that case carefully, hoping that it would justify us in sustaining the judgment below, but we find no comfort therefrom. In that case the verdict of the jury required the widow of the deceased husband to pay a reasonable amount for his funeral expenses, and it was approved on appeal because it appeared that the services were rendered "with the knowledge and consent of defendant [the wife]." In the case at bar, there is absolutely no evidence in the record before us to show that the wife consented to the bill for funeral expenses, or that she even had knowledge thereof. Of course, if the wife contracted to pay the undertaker, she would be liable therefor, and such a contract might be implied from her conduct; but there is nothing to show on

the part of the appellant a contract, either express or implied.

It regretfully appears that the undertakers, who performed the last earthly service for Mr. O'Hagan, will have to look to a Greater Court than this for their reward, unless the appellant, in search of her reward in that Court, changes her position.

The judgment of this Court is that the judgment of the Court of Common Pleas of Charleston County be, and the same is hereby, reversed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN (concurring in result) : I concur in the result of the opinion of Mr. Justice Blease, not upon the ground that the widow may not be held responsible for the funeral expenses of her dead husband, for I think that under the circumstances she may, but upon the ground that this is a contest over the proceeds of insurance; in the hands of the Court, a contest which is obliged to be decided in favor of the widow; her personal liability for obligations, direct or indirect, is not before the Court.