HORACE S. DENNIS *v.* BLANCHE SHAW

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued December 6, 1950—decided January 23, 1951

*Daniel F. Wheeler,* with whom, on the brief, was *Arthur C. Williams,* for the appellant (defendant).

*Irving B. Rappoport,* for the appellee (plaintiff).

BROWN, C. J. The plaintiff brought this action to recover for articles and services furnished for the burial of the defendant's husband. The court rendered judgment in favor of the plaintiff for $657 and the defendant has appealed. We summarize the facts, which are

stipulated. Cyril Shaw, the defendant's husband, died on September 23, 1947, at the Bridgeport Hospital of an illness with which he had been afflicted since September 5, 1947. On September 11, 1947, the defendant left the home in Easton where she and her husband had lived and went to Canton, Ohio. She has resided there ever since and has never returned to Connecticut. Shaw left no estate. The plaintiff, a funeral director, provided the articles and services for Shaw's funeral and burial on September 26, 1947. These were reasonably worth $648.96. The defendant did not request the plaintiff to furnish these articles and services, nor did she agree to pay for them. The plaintiff has not been paid.

The question decisive of the appeal is whether the defendant is responsible for these funeral expenses of her husband, as a matter of statute law or otherwise, in the absence of an express agreement or of conduct on her part giving rise to an implied agreement to pay for them. The first of the three grounds of liability asserted by the plaintiff is under the common law. He concedes that no such liability has ever been expressly recognized by this court. He directs attention, however, to our holding that it is a husband's common-law duty to defray the expense of burying his deceased wife in a suitable manner without recourse to her estate; *Staples' Appeal*, 52 Conn. 425, 426; and he argues that the reasons for holding a husband responsible apply with equal force as a basis for holding a wife responsible. He has, however, cited no substantial authority for such liability of the wife. The very great weight of authority is that there is no such liability at common law. *O'Hagan* v. *Fraternal Aid Union*, 144 S. C. 84, 88, 141 S. E. 893, 57 A. L. R. 397 and note, 400; *Rutecki* v. *Lukaszewski*, 273 App. Div. 638, 640, 79 N. Y. S. 2d 341; *Collins* v. *Sam R. Greenberg &*

*Co.,* 73 Ga. App. 377, 378, 36 S. E. 2d 484; *Compton* v. *Lancaster,* (Ky.) 114 S. W. 260; 27 Am. Jur. 59, § 460; 41 C. J. S. 533, § 63. It is our conclusion that the defendant is not liable under the common law.

The plaintiff claims as a second ground that the defendant is liable under § 7308 of the General Statutes. This section makes no mention of funeral expenses. It concerns the "liability for purchases" of husband and wife, and the particular provision relied upon reads that "both shall . . . be liable when any article purchased by either shall have in fact gone to the support of the family." In determining whether this provision is applicable to supplant the common-law rule, it must be considered in connection with the clause in § 7307 which states that the wife's property "shall not be taken for the debts of her husband, except as provided in section 7308," and in the light of the principle that "No statute is to be construed as altering the common law, farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express." *Shaw* v. *Railroad Co.,* 101 U. S. 557, 565, 25 L. Ed. 892. It follows that under the facts in this case, where the husband had died before any claimed "purchase" was made, the statute cannot be held applicable. Undertaker's services are not included in those purchases to which the statute applies. The defendant is not liable under § 7308.

The third ground of liability claimed by the plaintiff rests upon the effect which he urges should be accorded to two other statutes. Section 7036 provides that the "custody and control of the remains" of the deceased shall pertain to the surviving spouse, and § 590 that "The person to whom the custody and control of the remains of any deceased person are granted by law shall see . . . that such body is buried, removed

or cremated." A maximum penalty of a $500 fine or five years' imprisonment for violation of any of its provisions is included in § 590. The plaintiff contends that, since the main purpose of the act is to protect the general welfare and to insure a decent burial for deceased persons, the statute should be regarded as remedial, and that, though the plaintiff was neither named nor intended as a primary beneficiary, this does not preclude a right of action in him to recover damages due to the violation of the legislative command contained in it. To give this effect to these statutes would be to do violence to any intent which can fairly be ascribed to the legislature from the language used. Section 7036 neither mentions nor relates to the payment of funeral expenses. "From the entire Act it is apparent that its purpose is to avoid unseemly controversies over the remains of deceased persons, and that the surviving husband or wife shall generally have the custody of the dead body for the purposes of burial. . . ." *Swits* v. *Swits*, 81 Conn. 598, 600, 71 A. 782. To construe § 590 as creating by implication a civil liability for funeral expenses would violate the long-recognized principle of statutory construction that penal statutes are to be construed strictly and not extended by implication and would recognize a liability which no language of the act purports to create. See *Rawson* v. *State*, 19 Conn. 292, 299; *Longstean* v. *McCaffrey's Sons*, 95 Conn. 486, 493, 111 A. 788; 50 Am. Jur. 438, § 414, 582, § 586. Section 590 imposes no penalty on one who has contracted for a funeral for failure to pay the undertaker. Certainly it cannot be construed as creating an obligation upon one who has not ordered a funeral to pay for it. These statutes afford no basis for liability of the defendant.

For the reasons stated, we must hold that the plaintiff is not entitled to recover. What reason the de-

fendant had, if any, for her apparent lack of loyalty and love for her deceased husband the stipulated facts do not disclose. They do show that under the law as above set forth the plaintiff is left in the unfortunate predicament of being unable to collect for the services he rendered in providing the necessary funeral for the deceased. Legislative action only can afford relief in the future against such a situation. *O'Hagan* v. *Fraternal Aid Union*, 144 S. C. 84, 88, 141 S. E. 893; see *Grace Hospital Society* v. *New Haven*, 119 Conn. 146, 154, 174 A. 411; *Lenox Realty Co.* v. *Hackett*, 122 Conn. 143, 150, 187 A. 895.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant in accordance with this opinion.

In this opinion the other judges concurred.