ARTHUR EDMUNDSON, JR. *v.* MIGUEL F. RIVERA ET AL.

HOUSE, C. J., BOGDANSKI, LONGO, BARBER and MACDONALD, Js.

Argued October 16—decision released November 25, 1975

*Edward F. Kunin,* with whom, on the brief, was *Lester E. Blank,* for the appellant (plaintiff).

*Richard M. Sheiman,* deputy city attorney, with whom, on the brief, were *Richard F. Oburchay,* city attorney, and *Jack Samowitz,* for the appellees (defendants).

MacDonald, J. The plaintiff, an employee of the defendant city of Bridgeport, while working on a truck owned by that city, was seriously injured when it was struck by another truck owned by the city and operated at the time by another of its employees, the defendant Rivera. He has appealed from a judgment entered for the defendants upon the plaintiff's failure to plead further after the court had sustained the defendants' demurrer to the complaint on the ground that the plaintiff's action was barred by § 7-465 of the General Statutes, the court having previously overruled the plaintiff's demurrer to the defendants' special defense setting forth § 7-465 as a bar to the action.

It is uncontroverted that the accident in question occurred while both the plaintiff and the defendant Rivera were acting within the scope of their employment by the defendant city of Bridgeport, and that the plaintiff has received the benefits to which he was entitled under the Workmen's Compensation Act. The sole issue presented by this appeal is whether § 31-293a (chapter 568, Workmen's Compensation Act) barring employees in general from

bringing a negligence action against a fellow employee *except for negligence in the operation of a motor vehicle* or unless such wrong was wilful or malicious,[1] amends or repeals § 7-465 (title 7, Municipalities) which bars such actions against a fellow *municipal* employee *except only* where the act causing the injury was wilful and malicious.[2]

[1] Section 31-293a of the General Statutes, entitled "No right against fellow employee; exception" provides, in relevant part: "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee except for negligence in the operation of a motor vehicle as defined in section 14-1 or unless such wrong was wilful or malicious."

[2] Section 7-465 of the General Statutes, entitled "Assumption of liability for damages caused by employees" provides, in relevant part: "Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality, except firemen covered under the provisions of section 7-308, all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. This section shall not apply to physical injury to a person caused by an employee to a fellow employee while both employees are engaged in the scope of their employment for such municipality if the employee suffering such injury or, in the case of his death, his dependent has a right to benefits or compensation under chapter 568 by reason of such injury. If an employee or, in the case of his death, his dependent has a right to benefits or compensation under chapter 568 by reason of injury or death caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such employee or, in the case of his death, his dependent shall have no cause of action against such fellow employee to recover damages for such injury or death unless such wrong was wilful and malicious."

It is the contention of the plaintiff that the legislature, when it enacted § 31-293a, did not intend to distinguish between municipal employees and all other employees and that the trial court erred when it concluded that § 7-465 precluded his bringing a motor vehicle negligence action against a fellow municipal employee. He seeks to support this contention by citing cases which state the general proposition that remedial statutes, such as those contained in the Workmen's Compensation Act, are to be given a liberal construction so as to accomplish the purpose intended and, thus, in favor of the injured employee.

In seeking to invoke § 31-293a, applying to employees in general, to modify § 7-465, relating specifically to municipal employees, the plaintiff ignores the basic principle that when a statute is in derogation of common law or creates a liability where formerly none existed, it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of construction. *Stoll* v. *Judd Co.*, 106 Conn. 551, 556, 138 A. 479. "In determining whether or not a statute abrogates or modifies a common law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope. 'The court is to go no faster and no further than the legislature has gone.' . . . A legislative intention not expressed in some appropriate manner has no legal existence." *Willoughby* v. *New Haven*, 123 Conn. 446, 454-55, 197 A. 85. The applicability of this principle of construction to the present case appears in *Wakelee* v. *DeSanto*, 152 Conn. 44, 202 A.2d 833, where, although the plaintiff, a municipal employee, did not invoke the provi-

sions of § 7-465, this court held that a 1961 amendment adding the "wilful and malicious" act exception to immunity from suit would bar suits between municipal employees in such a situation, stating, at page 47: "Before the amendment became effective in 1961, an injured municipal employee had a common-law right of action against a fellow employee alone and his statutory right to compel the municipality to pay the damages awarded against his fellow employee was an additional, but not an exclusive, remedy."

Municipal employees are covered under the provisions of the Workmen's Compensation Act; *Olivieri* v. *Bridgeport,* 126 Conn. 265, 275, 10 A.2d 770; and § 31-293a, prior to 1969, granted immunity from suit by a fellow employee unless the acts causing the injury were wilful or malicious. The same exception was contained in § 7-465 pertaining specifically to municipal employees. In 1969, § 31-293a was amended to add another exception to immunity from suit by fellow employees, namely, suits "for negligence in the operation of a motor vehicle."[3] Since that amendment, the provisions of the two statutes cannot be reconciled. While it is true that apparently repugnant statutes are to be construed, if reasonably possible, so that both are operative; *Danbury Rubber Co.* v. *Local 402,* 145 Conn. 53, 57, 138 A.2d 783; statutes must be construed primarily to carry out the expressed intent of the legislature. *Jarvis Acres, Inc.* v. *Zoning Commission,* 163 Conn. 41, 46, 301 A.2d 244; *Sloane* v. *Waterbury,* 150 Conn. 24, 29, 183 A.2d 839. The exception set forth in § 31-293a is clear and unambiguous and if the legislature had intended it to modify or repeal any part of § 7-465, it would

---

[3] 1969 Public Acts, No. 696, § 4.

have been a simple matter to have said so. Had it been the intention of the legislature to enlarge the liability of a municipality for the acts or omissions of its employees in causes of action for which it would not formerly have been liable, it readily could have found apt words to do so. See *Stevens* v. *Neligon,* 116 Conn. 307, 312, 164 A. 661. " 'No statute is to be construed as altering the common law, farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express.' " *Dennis* v. *Shaw,* 137 Conn. 450, 452, 78 A.2d 691.

With respect to the claim that § 31-293a should be construed as repealing, if not modifying, § 7-465, we stated, in *Waterbury Teachers Assn.* v. *Furlong,* 162 Conn. 390, 404, 294 A.2d 546: "Repeals by implication are not favored and will never be presumed where the old and new statute may well stand together. . . . Furthermore, '[a] special and local statute, providing for a particular case or class of cases, is not affected by a statute general in its terms, broad enough to include cases embraced in the special law, unless the intent to repeal or alter is manifest. . . .' " See *Meriden* v. *Board of Tax Review,* 161 Conn. 396, 402, 288 A.2d 435; *Wentworth* v. *L. & L. Dining Co., Inc.,* 116 Conn. 364, 369, 165 A. 203.

The plaintiff, claiming that an unfair discrimination against municipal employees arises from the application of § 7-465, states that "courts, especially courts calling themselves courts of equity, should not become parties to 'evident injustice.' " It is, however, up to the legislature, and not to the courts, to correct claimed injustices resulting from clear and unambiguously worded statutes, at least unless constitutional questions are raised, and since no con-

stitutional question was raised in the trial court, it will not now be considered by us. *Pollack* v. *Gampel,* 163 Conn. 462, 474, 313 A.2d 73; *State* v. *Hawkins,* 162 Conn. 514, 517, 294 A.2d 584, cert. denied, 409 U.S. 984, 93 S. Ct. 332, 34 L. Ed. 2d 249. And, as we stated in *United Aircraft Corporation* v. *Fusari,* 163 Conn. 401, 414, 311 A.2d 65: "The court may not supply a statutory failure to mention the unanticipated situation in express terms merely because the court feels good reason so exists; the remedy in such a situation lies with the General Assembly, not the court."

We conclude that under our existing statutory law a municipal employee, whether or not he specifically invokes the indemnification provision of § 7-465, has no cause of action against a fellow municipal employee to recover damages for an injury caused by the act of such fellow employee while both are engaged within the scope of their employment if such injured employee is covered by workmen's compensation unless the act causing such injury was wilful or malicious.

There is no error.

In this opinion the other judges concurred.