[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #124
The plaintiffs, Lennon and Pauline Martin, as parents of the minor plaintiff Raquel Martin, bring this action against the defendants, the City of Bridgeport ("City"), the Bridgeport Board of Education ("Board of Education"), and Larry Plude, based on allegations that Plude engaged in sexual relations with the minor plaintiff. In their second revised seventeen count complaint, filed on August 10, 1992, the plaintiffs allege that Plude, while employed as a teacher at Central High School, engaged in sexual relations with the minor plaintiff on various dates from January 15, 1990 through August 20, 1990. At the time of the alleged relations, the minor plaintiff was a thirteen year old freshman at Central High School.
In counts one through twelve of the second revised complaint, the plaintiffs assert various causes of action against Plude. These counts, however, are not pertinent to the motion that is presently before the court. In count thirteen, the plaintiffs seek indemnification from the City pursuant to General Statutes 7-465, based on Plude's alleged negligent and reckless conduct. In count fourteen, the plaintiffs seek indemnification from the Board of Education pursuant to General Statutes 10-235, based on Plude's alleged negligent conduct. In counts fifteen and sixteen, the plaintiffs seek to recover damages from the Board of Education based on its alleged negligence in supervising Plude. In count seventeen, the CT Page 3019 plaintiffs allege that the Board of Education is liable for Plude's negligent conduct based on respondeat superior and agency theories.
On October 26, 1992, the City and the Board of Education ("the defendants") filed a motion to strike counts thirteen, fourteen, fifteen, sixteen and seventeen, and paragraphs one through six of count one, of the plaintiffs' second revised complaint, along with a supporting memorandum of law. The plaintiffs filed a memorandum in opposition on April 27, 1993. The defendants filed a reply memorandum on May 4, 1993.
A motion to strike challenges the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted. Practice Book 152(1). Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In analyzing a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 540 A.2d 1185 (1988).
A. Count One (paragraphs one through five)
The defendants move to strike paragraphs one through five of count one on the ground that these paragraphs fail to set forth a legally sufficient cause of action against the defendants.
"A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated. . . ." The Grove Corporation v. Tinty,3 Conn. L. Rptr. 647, 649 (January 4, 1991, Hennessey, J.); Donovan v. Davis,85 Conn. 394, 397, 82 A. 1025 (1912). "A motion to strike a single paragraph is technically improper when the paragraph does not purport to state a cause of action." Michaud v. St. Mary's Hospital, 4 Conn. L. Rptr. 442, 443 (August 21, 1991, Byrne, J.). A motion to strike "may not be addressed to separate paragraphs of the pleadings, for it is the total of a pleading not the individual paragraphs, which must set up a cause of action. . . ." Ahsan v. Olsen, 3 CSCR 55 (November 9, 1987, Wagner, J.), quoting Stephenson, Conn. Civ. Proc. 94(a), p. 190. CT Page 3020
Considered separately or together, paragraphs one through five of count one do not state nor do they purport to state a cause of action. These paragraphs merely contain general factual allegations which are pled in support of the cause of action stated in count one, and which are then incorporated into other counts in the complaint. Thus, the defendants' motion to strike these paragraphs is technically improper. Further, even if these paragraphs purported to but failed to state a legally sufficient cause of action, the present motion is improper because count one does not attempt to state a cause of action against either the City or the Board of Education (count one is addressed to defendant Plude). Accordingly, the defendants' motion to strike paragraphs one through five of count one is denied.
B. Counts Fifteen and Sixteen
In moving to strike counts fifteen and sixteen, which allege causes of action for negligent supervision against the Board of Education, the defendants argue that the Board of Education is immune from liability pursuant to the doctrines of sovereign immunity and governmental immunity. The defendants also argue that the Board of Education is immune from liability because "it stands in the shoes of the parent in loco parentis."
1. Sovereign Immunity
With respect to the defendants' argument that the Board of Education is immune from liability pursuant to the doctrine of sovereign immunity, "a suit against a municipality is not a suit against a sovereign." Murphy v. Ives, 151 Conn. 259, 264,196 A.2d 596 (1963). While a board of education is considered to be an agency of the state in charge of education in a town or municipality; Murphy v. Berlin Board of Education, 167 Conn. 368,372, 355 A.2d 265 (1974); local boards of education are not agents of the state in performing each and every mandated function. Cheshire v. McKenney, 182 Conn. 253, 257, 438 A.2d 88
(1980). "Local boards of education are also agents of the towns, subject to the law governing municipalities, when acting on behalf of the municipality in its function of mandating control over the public schools within the municipality's limits." (Citations omitted.) R. A. Civitello Co. v. New Haven, 6 Conn. App. 212, 218, 504 A.2d 542 (1986).
While a Board of Education can claim sovereign immunity CT Page 3021 when it acts as an agent of the state in carrying out its mandated function of providing education, here the plaintiffs' claims against the Board of Education for negligent supervision of its employee (Plude) do not pertain to the Board's state-delegated function of providing education. Thus, the defendants' motion to strike counts fifteen and sixteen on the ground of sovereign immunity must be denied.
2. Governmental Immunity
 [I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be addressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages.
(Citations and internal quotation marks omitted.) Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 165, 544 A.2d 1185
(1988). If it is determined that "the duty involved . . . is a public duty, the issue of municipal liability may also turn upon whether the specific act in issue was ministerial or discretionary." Leger v. Kelley, 142 Conn. 585, 590-91,116 A.2d 429 (1955). A governmental or discretionary act is one performed for the benefit of the public and is supervisory or discretionary in nature. Gauvin v. New Haven, 187 Conn. 180,184, 445 A.2d 1 (1982). The term "ministerial" "refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Citations omitted.) Evon v. Andrews, 211 Conn. 501, 505, 559 A.2d 1151 (1989). "Where the municipality through its agent or employee acts in the performance of a governmental [discretionary] duty, it has a limited immunity from liability. . . ." Tango v. New Haven,173 Conn. 203, 204-05, 377 A.2d 284 (1977). However, if the act complained of involves the performance of a ministerial duty, or one of the narrow exceptions to the doctrine of governmental immunity applies, then the municipality may be liable for the negligent execution of the duty. Evon v. Andrews, supra, 505.
[There are] three exceptions or CT Page 3022 circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; . . . second, where a statute specifically provides for a cause of action against a municipality or a municipal officer for failure to enforce certain laws; . . . and third, where the alleged acts involve malice, wantonness or intent to injure rather than negligence.
(Citations omitted.) Id. A determination as to whether an act "is governmental or ministerial is a factual question which depends upon the nature of the act complained of." Gauvin v. New Haven, supra, 186.
In the present case, to determine the nature of the Board of Education's duty to supervise its employees requires the court to look at facts outside of the pleadings, as it is not apparent from the face of the complaint whether the Board of Education was engaged in a governmental or ministerial act. Further, in counts fifteen and sixteen, the plaintiffs allege that the Board of Education owed an individual duty to the minor plaintiff with respect to the supervision of its employee (Plude). Thus, in reading the complaint in the light most favorable to the plaintiffs, the defendants' motion to strike counts fifteen and sixteen on the ground of governmental immunity is denied.
3. In Loco Parentis
In Sansone v. Bechtel, 180 Conn. 96, 429 A.2d 820 (1980), the court held that in discharging his duty to maintain discipline in the classroom, a teacher acts in place of the parent, and is authorized to use reasonable means to control a disobedient pupil. Id., 98. "[T]he tort liability of a teacher standing in loco parentis has been declared to be no greater than that of parents, who are liable to their children for willful and wanton misconduct, but not for mere negligence." 18 McQuillan, Municipal Corporations, 3d Ed., 53.82a. However, a teacher may be liable if the punishment was "disproportionate to the offense, unnecessarily degrading or likely to cause serious, CT Page 3023 or permanent harm." Sansone v. Bechtel, supra, 98.
The doctrine of in loco parentis is not applicable in the present case, as this case has nothing to do with a teacher disciplining a disobedient student. Accordingly, the defendants' motion to strike counts fifteen and sixteen based on the doctrine of in loco parentis is denied.
C. Count Seventeen
In moving to strike count seventeen, the defendants argue that the Board of Education is not vicariously liable for Plude's alleged misconduct under either the theories of agency or respondeat superior because Plude's alleged tortious acts were not done within the scope of his employment, and were not done in furtherance of the Board of Education's interests.
 A master is liable only for those torts of his servant which are done with a view of furthering his master's business within the field of this employment — for those which have for their purpose the execution of the master's orders or the doing of the work assigned to him to do. . . . In most cases it is the function of the jurors to determine from the facts before them whether, under this test, a servant was acting within the scope of his employment. . . . In some situations, however, the acts of the servant are so clearly without the scope of his authority that the question is one of law. . . .
(Citations and internal quotation marks omitted.) Brown v. Housing Authority, 23 Conn. App. 624, 628, 583 A.2d 643 (1990). To be acting within the scope of employment, the trier of fact must find that the servant is motivated at least in part "by a purpose to serve a principal." A.G. Foods, Inc. v. Pepperidge Farms, 216 Conn. 200, 220, 579 A.2d 69 (1990).
In count seventeen, the plaintiffs allege that Plude had access to the minor plaintiff because of his teaching position, and that Plude used his position to engage in sexual relations with the minor plaintiff. The plaintiffs also allege that Plude's tortious acts were performed during the course of his employment. However, the plaintiffs have failed to allege that CT Page 3024 Plude was acting to further his employer's interests or that Plude was executing his master's orders at the time he allegedly committed the tortious acts. Thus, it would appear that count seventeen is legally insufficient. Accordingly, the defendants' motion to strike count seventeen is granted.
D. Counts Thirteen and Fourteen
In moving to strike counts thirteen and fourteen, the defendants argue that the City is not obligated to indemnify Plude pursuant to General Statutes 7-465 (count thirteen), and that the Board of Education is not obligated to indemnify Plude pursuant to General Statutes 10-235 (count fourteen) because: (1) there is no duty to indemnify in situations where the employee acted wilfully, wantonly or criminally; (2) the duty to indemnify only arises where the plaintiff sustains physical injuries; (3) defendant Plude was not employed by the City; and (4) the City and the Board of Education are not defending Plude in the present action.
1. Count Thirteen
General Statutes 7-465 provides in pertinent part that:
 (a) Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property . . . if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . . Governmental immunity shall not be a defense in any action brought under this section. . . . As used in this section, CT Page 3025 "employee" shall include (1) a member of a town board of education and any teacher. . . .
Clearly, the court can treat Plude, a teacher, as an "employee" for purposes of 7-465. In count thirteen, the plaintiffs are basing their claim pursuant to 7-465 on allegations of negligence on the part of Plude. However, the plaintiffs have failed to allege facts which would show that Plude was acting within the scope of his employment at the time of his allegedly negligent acts. The plaintiffs have also failed to allege that Plude's negligence caused the plaintiffs to sustain physical damages to their persons or property, or that their civil rights were violated by the municipal employee. Statutes in derogation of the common law must be strictly construed and not extended, modified or repealed by judicial construction. Edmundson v. Rivera, 169 Conn. 630, 633,363 A.2d 1031 (1975). General Statutes 7-465 is such a statute. Id. Therefore, the court finds that count thirteen is legally insufficient, and the defendants' motion to strike this count is granted.
2. Count Fourteen
General Statutes 10-235 provides in pertinent part that:
 (a) Each board of education shall protect and save harmless . . . any teacher . . . from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act resulting in accidental bodily injury to or death of any person, or in accidental damage to or destruction of property, within or without the school building, or any other acts, including but not limited to infringement of any person's civil rights, resulting in any injury, which acts are not wanton, reckless or malicious, provided such teacher . . . at the time of the acts . . . was acting in the discharge of his or her duties or within the scope of employment . . . provided that the provisions of this section shall not limit or otherwise affect application of section 4-165 concerning immunity from personal CT Page 3026 liability . . . .
The Board of Education's liability under 10-235 is not limited to situations where a plaintiff sustains a physical injury. The language of 10-235 is broad enough to apply to situations where there is no physical injury to person or property as the statute applies to "any other acts including, but not limited to infringement of any person's civil rights, resulting in any injury. . . ." (Emphasis added.) Furthermore, the plaintiffs are basing their claim on allegations of negligent conduct on the part of Plude. However, the plaintiffs allege a legal conclusion that Plude was acting in the scope of his employment without alleging any facts which would establish that Plude was acting under the direction of the Board of Education or in furtherance of the Board's interests when he engaged in sexual relations with the minor plaintiff. Therefore, count fourteen must be stricken in that it does not state a legally sufficient cause of action pursuant to General Statutes 10-235.
By way of recapitulation; the defendants' motion to strike is granted as to counts thirteen, fourteen and seventeen of the plaintiffs' second revised complaint on the ground that these counts fail to state legally sufficient claims upon which relief can be granted.
The defendants' motion to strike is denied as to paragraphs one through five of the first count, as the defendants' motion is procedurally improper with respect to these paragraphs. Further the defendants' motion to strike is denied as to counts fifteen and sixteen, as these counts state legally sufficient causes of action.
THE COURT
MAIOCCO, J.