[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE (#107)
 I. FACTS
This action arises out of injuries and losses allegedly sustained by the plaintiffs, Harry Coman and his wife, Kathryn Mitchell. On July 31, 1999, while on his motorcycle and stopped at the end of the exit 95 ramp off of route 395 in Putnam, Connecticut, a motor vehicle owned by the defendant, Thomas Mannix and operated by the defendant, Linda Mannix, struck the rear of Coman's motorcycle, knocked him to the ground and, thereafter, ran over his body.
On May 22, 2001, the plaintiffs filed a two count complaint alleging negligence and loss of consortium against the defendants. On August 8, 2001, the plaintiffs filed an amended eight count complaint alleging negligence against Linda Mannix in count one, statutory recklessness against Linda Mannix in count two, vicarious liability against Thomas Mannix as the non-operator owner for Linda Mannix's negligence and statutory recklessness in counts three and four, loss of consortium based on Linda Mannix's negligence and recklessness in counts five and six, and loss of consortium based on Thomas Mannix's vicarious liability for Linda Mannix's negligence and statutory recklessness in counts seven and eight.
On August 27, 2001, the defendants filed a motion to strike counts two,[1] four,[2] six[3] and eight[4] of the plaintiffs' amended complaint and its prayer for relief seeking double or treble damages CT Page 4791 pursuant to General Statutes § 14-295.[5] The defendants move to strike counts two and six, as well as the corresponding prayer for relief, on the ground that the plaintiffs failed to state a sufficient claim for recklessness and double or treble damages pursuant to §14-295. In addition, the defendants move to strike counts four and eight on the ground that there is no vicarious liability at common law for punitive or exemplary damages. The motion to strike was accompanied by a memorandum in support thereof. On September 26, 2001, the plaintiffs timely filed a memorandum in opposition.
 II. DISCUSSION
A. The Pleading Requirements of § 14-295
In their supporting memorandum, the defendants argue that counts two and six of the plaintiffs' complaint fail to allege facts that constitute a cause of action sounding in recklessness. Furthermore, the defendants assert that the factual statements made in counts two and six are identical to the claims of negligence against the defendants in count one, except that the plaintiffs describe the same conduct as reckless and because no new facts are alleged to support a claim for recklessness, counts two and six are insufficient as a matter of law.
In opposition, the plaintiffs respond that the allegations in counts two and six are legally sufficient to support a claim of statutory recklessness based on Linda Mannix's violation of General Statutes §14-222,[6] and that such violation was a substantial factor in causing the plaintiffs' injuries. Additionally, the plaintiffs argue that §14-295 does not require the same degree of specificity in pleading as does a claim for common law recklessness. Furthermore, the plaintiffs note that the case law cited by the defendants as authority for the proposition that claims of recklessness must be pleaded with specificity involve claims of common law recklessness and, therefore, are inapposite because counts two and six are claims for statutory recklessness.
The appellate courts have not decided what degree of specificity is required in pleading recklessness under § 14-295 and, thus, a division of opinion amongst the judges of the Superior Court has emerged on this issue. See e.g., Flores v. Viveros-Velazquez, Superior Court, judicial district of Windham at Putnam, Docket No. 063971 (November 21, 2000, Foley, J.) (The court cites two lines of cases, the first representing the minority view, which holds that a plaintiff must not only plead a statutory violation as set forth in § 14-295, but also facts that would support a claim of reckless conduct at common law. The CT Page 4792 second line of cases, that is the majority view, distinguishes between pleading common law recklessness and statutory recklessness, thus holding that a plaintiff need only plead the required language in § 14-295, that is that the defendant violated one or more of the enumerated statutory provisions named therein, and that violation was a substantial factor in causing the plaintiffs injuries.) According to the majority view, "pleading a violation of the specific statute enumerated therein is alone sufficient to invoke the double and treble damages provision of § 14-295." Milton v. Sande, Superior Court, judicial district of New Britain at New Britain, Docket No. 509011 (December 7, 2001, Wiese, J.) citing, Spencer v. King, Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530 (September 16, 1993, Higgins, J.)
After a careful review of both lines of cases, including other more recent decisions,[7] which predominantly support the majority's position, this court agrees that the plain meaning of the statutory language in § 14-295 requires only that a plaintiff plead a violation of one or more of the enumerated statutes named therein and that such violation was a substantial factor in causing the plaintiffs injuries. Thus, the specificity required to support a claim for common law recklessness[8] is not the same degree of specificity required to sufficiently plead a claim for statutory recklessness.
In the present case, the plaintiffs allege in count two, which allegations are the bases for count six as well, that Linda Mannix "deliberately or with reckless disregard operated her vehicle in violation of . . . § 14-222 and that such violation was a substantial factor in causing plaintiff's injuries and damages." In construing these facts most favorably to the pleader, the court finds that the plaintiffs have satisfied the requirements for a claim of statutory recklessness under § 14-295. Accordingly, the defendants' motion to strike counts two and six of the amended complaint is denied. In regard to the plaintiffs' corresponding prayer for double and treble damages, this court also denies the defendants' motion to strike, and bases its decision on the Supreme Court's reasoning in Bishop v. Kelly, 206 Conn. 608, 614,539 A.2d 108 (1988), wherein the Court stated "[a]n award of double damages is appropriate when the defendant has deliberately or with reckless disregard violated one of the statutes to which § 14-295
refers."
B. Vicarious Liability and § 14-295
The defendants argue that the plaintiffs have failed to allege a sufficient cause of action pursuant to § 14-295, and that there is no vicarious liability under Connecticut law for § 14-295 double or treble damages. In response, the plaintiffs counter that "the limitations CT Page 4793 on vicarious liability for common law punitive damages have been overridden by statute in the case of a claim for statutory recklessness and accompanying statutory punitive damages under . . . § 14-295." Therefore, the plaintiffs further argue that under both General Statutes §§ 52-182[9] and 52-183[10] the non-operator owner may be held vicariously liable for punitive damages asserted against the operator of the vehicle involved in the motor accident.
Again, there is a division of opinion amongst the judges of the Superior Court as to whether a plaintiff may recover multiple damages from a defendant owner who is alleged to be vicariously liable for the operator's reckless conduct pursuant to § 14-295. The first line of cases, representing the minority view, holds that §§ 14-295, 52-182
and or 52-183 do not contain language allowing for an expansion of the common law restraint on the imposition of multiple damages upon a non-operator owner for the reckless conduct of the defendant operator. See Clark v. Gallup, Superior Court, judicial district of Tolland at Rockville, Docket No. 074117, (June 13, 2001, Sferrazza, J.) (29 Conn.L.Rptr. 655);Little v. Bonesse, Superior Court, judicial district of New Haven at New Haven, Docket No. 427368 (July 5, 2000, Levin, J.) (27 Conn.L.Rptr. 458); Lyte v. Kane, Superior Court, judicial district of Milford at Milford, Docket No. 063138, (August 25, 1998, Flynn, J.) (23 Conn.L.Rptr. 136); Marin v. Plaskawicki, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313690 (December 8, 1994, Maiocco, J.) (13 Conn.L.Rptr. 174). The majority view, on the other hand, holds that multiple damages under § 14-295 may be assessed against the non-operator owner as a result of the defendant operator's violation of one or more of the motor vehicle statutes. SeeBostick v. Dvornek, supra, Superior Court, Docket No. 383575; Shields v.Labriola, Superior Court, judicial district of New Britain at New Britain, Docket No. 504276 (November 9, 2001, Kremski, J.); Santillo v.Arredono, Superior Court, judicial district of New Haven at New Haven, Docket No. 442323 (March 21, 2001, Blue, J.) (29 Conn.L.Rptr. 458);McCarthy v. Yantorno, Superior Court, judicial district of Litchfield, Docket No. 78474 (August 18, 1999, Sheedy, J.) (25 Conn.L.Rptr. 377);Sullivan v. Skully, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 125823, (March 20, 1998, Espinosa, J.) (21 Conn.L.Rptr. 550); Rubbo v. Rubbo, Superior Court, judicial district of Waterbury, Docket No. 130961, (May 22, 1997, Pellegrino, J.) (19 Conn.L.Rptr. 547); Prezioso v. Greater Bridgeport TransitAuthority, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 333757, (December 24, 1997, Skolnick, J.) (21 Conn.L.Rptr. 274). This court agrees with the well-reasoned minority view with emphasis on the thorough and sound reasoning of the court's,Sferrazza, J. and Levin, J., decisions in Clarkv. Gallup, supra, Superior Court, Docket No. 074117 and CT Page 4794Little v. Bonesse, supra, Superior Court, Docket No. 427368.
"[T]he rule of statutory construction [is] that statutes in derogation of common law `should receive a strict construction and [should not] be extended, modified, repealed or enlarged in . . . scope by the mechanics of construction.'" Williams Ford, Inc. v. Hartford Currant, Co.,232 Conn. 559, 581, 657 A.2d 212 (1995) quoting, Edmundson v. Rivera,169 Conn. 630, 633, 363 A.2d 1031 (1975). Reading the plain, clear language of the statutes, it is the opinion of this court that § § 52-182 and 52-183 do not provide a basis for awarding multiple damages under § 14-295 against the non-operator owner of a vehicle for statutory traffic violations committed by the defendant operator. Moreover, if the legislature had intended the judiciary to impose double or treble damages upon non-operator owners, it would have done so by requiring such action pursuant to § 14-295 and, thus, not holding liable only the "party [that] . ., deliberately or with reckless disregard operated a motor vehicle in violation of [one or more of the enumerated sections], and [where] such violation was a substantial factor in causing . . . injury. . . ." (Emphasis added.) General Statutes §14-295.
 III. CONCLUSION
For the foregoing reasons, the defendants' motion to strike is denied as to counts two and six, as well as the corresponding prayer for relief, and is granted as to counts four and eight.
Francis J. Foley, III. Judge of the Superior Court