[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By motion to strike, dated August 9, 2002, the defendants, Beth A. and Eliot N. Potter, have moved that the plaintiff, Catherine A. Washburn, be ordered to strike count four of the complaint and the accompanying demand for relief, to the extent that they seek double or treble damages. Count four of the complaint alleges that Eliot N. Potter is vicariously liable to Catherine Washburn under the family care doctrine, General Statutes § 52-183, for double or treble damages, pursuant to General Statutes § 14-295, because his wife, Beth A. Potter, operated his family car recklessly in violation of General Statutes § 14-222, thereby injuring Catherine Washburn. The plaintiff has filed an objection to the motion to strike contending that General Statutes § 52-183 does not authorize punitive or exemplary damages against a principal for the reckless acts of its agent. Each pleading was accompanied by a memorandum of law as required by Section 10-42 of the Practice Book.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted." (Internal quotation marks omitted.)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998), citing Faulkner v. United Technology, Corp. ,240 Conn. 576, 580, 693 A2.d 293 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies, Corp. , 240 Conn. 576, 580, 639 A.2d 293 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied . . ." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001).
In pertinent part, General Statutes § 14-295 states that: "In any civil action to recover damages resulting from personal injury . . . the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless CT Page 933 disregard operated a motor vehicle in violation of section . . . 4-222, . . . and that such violation was a substantial factor in causing such injury, death or damage to property." Although that statute clearly makes the tortfeasor liable for double or treble damages, "Connecticut has a long-standing common law rule that a person who is vicariously liable for the acts of another is not liable for punitive damages." Maisenbacker v.Society of Concordia, 71 Conn. 369, 379, 42 A. 67 (1899). The plaintiff contends that General Statutes § 52-183 abrogates or creates an exception to the common law rule against vicarious liability for exemplary or punitive damages.
The Superior Court is split on the issue due to the ambiguity of Section § 52-183 which states that: "[i]n any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption. " Although General Statutes § 52-183
provides that, "a reckless operation of the motor vehicle shall be presumed to be the agent and servant of the owner of the motor vehicle . . .," it does not prescribe the liability of the principal. Similarly, while it applies to actions to recover damages for reckless operation of a motor vehicle, it does not expressly state against whom the action for double or treble damages may be maintained. Consequently, § 52-183 of the General Statutes does not expressly create vicarious exemplary or punitive liability.
In the cases allowing claims against a principal for double or treble damages, courts have determined either that the language of § 52-183
raises a presumption that the owner is liable for the reckless operation of the vehicle by its operator, or that the court's interpretation of the liability of lessors under General Statutes § 14-154a in Gionfriddov. Avis Rent A Car System, Inc. . . . is analogous to cases involving the liability of owners of motor vehicles." Jennings v. Vega, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 174082 (November 20, 2000, D'Andrea, J.) (29 Conn.L.Rptr. 87, 90). See also Santillo v. Arredono, Superior Court, judicial district of New Haven at New Haven, Docket No. 442323 (March 21, 2001, Blue, J.) (29 Conn.L.Rptr. 458); Provenzano v. Ryder Truck Rental, Inc. Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 352431 (December 10, 1999, Skolnick, J.) (26 Conn.L.Rptr. 88); Rylo v. GaineyTransportation Services, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 383149 (September 12, 2001, Stevens, J.). CT Page 934
The analogy rational is flawed. General Statutes § 52-183, General Statutes § 14-154a specifically and unambiguously imposes liability on the owner "to the same extent as the operator" of a motor vehicle. The later statute provides "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased to the same extent as the operator would be liable if he had also been the owner." General Statutes § 14-154a. Although both General Statutes § 14-154a and 52-183 impose vicarious liability on the owners of vehicles driven by others, General Statutes § 14-154a
goes one step further, making the owner liable "to the same extent as theoperator." "This legislative expression of public policy . . . necessarily displaces and overrides common law presumptions. Gionfriddo v. Avis,
supra. at 287. The legislature did not express a public policy displacing and overriding the common law rule against vicarious exemplary and punitive damage when it enacted section 52-83.
As for the presumption rational, it has always been the law of this state that "[n]o statute is to be construed as altering the common law, farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express. Sealsv. Hickey, 186 Conn. 337, 347, 441 A.2d 604 (1982) citing Shaw v.Railroad Co., 101 U.S. 557, 565, 25 L.Ed. 892 (1880)." Dennis v. Shaw,137 Conn. 450, 452, 78 A.2d 691 (1951). That rule of law was clearly articulated in Monroe v. Great American Insurance Company, 234 Conn. 182, (1995) when our Supreme Court said that when the question is whether the legislature abrogated a common law right when it enacted a statute, "[w]hile the legislature's authority to abrogate the common law is undeniable, we will not lightly impute such an intent to the legislature. [C]ourts must discharge their responsibility, in case-by-case adjudication, to assure that the body of the law both common and statutory — remains coherent and consistent. Fahy v. Fahy,227 Conn. 505, 513-14, 630 A.2d 1328 (1993). Although the legislature may eliminate a common law right by statute, the presumption that the legislature does not have such a purpose can be overcome only if the legislative intent is clearly and plainly expressed. Lynn v. HaybusterMfg., Inc., 226 Conn. 282, 290, 627 A.2d 1288 (1993); State v. Sanchez,204 Conn. 472, 479, 528 A.2d 373 (1987). Monroe v. Great AmericanInsurance Company, supra. at 187. (Internal quotation marks omitted.) Our Supreme Court has recently confirmed that our law has not changed, "[TIhe language of that statute containing no clear expression of legislative intent to alter the common law, it did not abrogate the common-law right." Rumbin v. Utica Mutual Ins., 254 Conn. 259, 757 A.2d 526 (2002).
Where a statute creates greater rights and liabilities than those CT Page 935 accorded under common law, the statute must be strictly construed.Rawlins v. New Haven, 206 Conn. 100, 104, 537 A.2d 439 (1988); Tryon v.Town of North Branford, 58 Conn. App. 702, 755 A.2d 312. "It is well established that statutes that are in derogation of the common law must be strictly construed. Scrapchansky v. Plainfield, 226 Conn. 446, 468 n. 6, 627 A.2d 1329 (1993); Copeland v. Warden, 225 Conn. 46, 53,621 A.2d 1311 (1993); State v. Nugent, 199 Conn. 537, 548, 508 A.2d 728
(1986). "`The rule that statutes in derogation of the common law are strictly construed can be seen to serve the same policy of continuity and stability in the legal system as the doctrine of stare decisis in relation to case law.'" Lynn v. Haybuster Mfg., Inc., 226 Conn. 282,290, 627 A.2d 1288 (1993), quoting 3 J. Sutherland, Statutory Construction (5th Ed. Singer 1992 Rev.) § 61.01, pp. 172-73. "Squeglia v. Squeglia, 234 Conn. 259, 661 A.2d 1007 (1995) footnote 4. Accordingly, the court cannot read more into a statute than that which it clearly states.
General Statutes § 52-183 does not clearly and unambiguously create a cause of action for double or treble, exemplary or punitive, damages against a non-operator owner of a family car under the family car doctrine for the reckless acts of its operating agent. Therefore, the legislature did not abrogate the common law rule that a person who is vicariously liable for the acts of another is not liable for punitive or exemplary damages. Count four of the plaintiff's complaint is therefore stricken.
 BY THE COURT ___________________ Hon. Vanessa L. Bryant
CT Page 936